# EXHIBIT A

**ALABAMA**

| Statute | Alabama Deceptive Trade Practices Act, Ala. Code §§ 8–19–1 et seq. (1975) |
|---------|---------------------------------------------------------------------------|
| Elements | Unlawful trade practices include the following: **(2)** Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; **(3)** Causing confusion or misunderstanding as to the affiliation, connection, or association with, or certification by another, provided that this section shall not prohibit the private labeling of goods or services; **(5)** Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have; **(7)** Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; **(9)** Advertising goods or services with intent not to sell them as advertised; and **(27)** Engaging in any other unconscionable, false, misleading, or deceptive act or practice in the conduct of trade or commerce. Ala. Code § Section 8-19-5<br><br>A prevailing plaintiff is entitled to actual damages and treble damages based on the discretion of the court, considering certain factors such as actual damages, frequency of unlawful acts/practices, number of people |

| | harmed and intentionality. Ala. Code § 8–19–10. |
|---|---|

**ALASKA**

| Statute | Alaska Unfair Trade Practices Act, A.S. § 45.50.471 |
|---------|---------|
| Elements | As a general matter, a prima facie case of unfair or deceptive acts or practices under the UTPA requires proof of two elements: "(1) that the defendant is engaged in trade or commerce; and (2) that in the conduct of trade or commerce, an unfair act or practice has occurred." *Kenai Chrysler Ctr., Inc. v. Denison,* 167 P.3d 1240, 1255 (Alaska 2007). Unlawful acts and practices include :[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce." A.S. § 45.50.471. "Unfair or deceptive acts or practices" include, but are not limited to, the following acts: (4) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have; (6) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; (11) engaging in any other conduct creating a likelihood of confusion or of misunderstanding and that misleads, deceives, or damages a buyer or a competitor in connection with the sale or advertisement of goods or services; or (12) using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or |

omitting a material fact with intent that others rely upon the concealment, suppression, or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been misled, deceived, or damaged. *Id.*

A prevailing plaintiff is entitled to three times actual damages or $500, whichever is greater, and a mandatory award of reasonable attorneys' fees and costs. A.S. § 45.50.531 and 537.

**ARIZONA**

| Statute | Arizona Consumer Fraud Act, A.R.S. § 44-1521, *et seq* |
|---------|--------------------------------------------------------|
| Elements | The Arizona Court of Appeals has held that "[t]he elements of a private cause of action under the act [ACFA] are a false promise or misrepresentation made in connection with the sale or advertisement of merchandise and the hearer's consequent and proximate injury." *Dunlap v. Jimmy GMC of Tucson, Inc.,* 136 Ariz. 338, 666 P.2d 83, 87 (Ariz. Ct. App.1983). Unlawful practices are defined as "[t]he act use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby." A.R.S. § 44-1522.<br><br>A prevailing party is entitled to actual and consequential damages and punitive damages "where the conduct of the wrongdoer is wanton, reckless or shows spite or ill-will" or "where there is a reckless indifference to the interests of others." *Sellinger v. Freeway Mobile Home Sales, Inc.,* 110 Ariz. 573, 577, 521 P.2d 1119, 1123 (1974). |

**ARKANSAS**

| Statute | Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107. |
|---|---|
| Elements | The elements of such a cause of action are (1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from reliance on such act. *See* Ark. Code Ann. § 4-88-113. Deceptive and unconscionable trade practices include, but are not limited to: (1) Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services or as to whether goods are original or new or of a particular standard, quality, grade, style, or model; or (10) Engaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade. Ark. Code Ann. § 4-88-107. A plaintiff need not prove knowing or intentional deception; instead, a plaintiff must show "conduct that is likely to deceive a consumer acting reasonably under similar circumstances." *See Curtis Lumber Co., Inc. v. Louisiana Pac. CorA,* 618 F.3d 762, 779 (8th Cir. 2010). <br><br> A prevailing plaintiff is entitled to actual damages or $500 and may be awarded reasonable attorneys' fees. Ark. Code § 4-88-113(f)(1)(A) and (3). |

**CALIFORNIA**

| | |
|---|---|
| **Statute** | California False Advertising Law ("CFAL"), Bus. & Prof. Code § 17500 *et seq*.; California Unfair Competition Law ("CUCL")), Cal. Bus. & Prof. Code § 17200 *et seq.* |
| **Elements** | A plaintiff alleging consumer fraud by misrepresentation under the UCL must allege that she was exposed to the particular representation claimed to be deceptive. *See, e.g., Baltazar v. Apple, Inc.*, No. CV-10-3231-JF, 2011 U.S. Dist. LEXIS 13187 (N.D. Cal. Feb. 10, 2011). "The [CFAL] prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. and Prof. Code § 17500. "'[A]ny violation of [CFAL] ... necessarily violates' the CUCL." *Kasky v. Nike, Inc.* 27 Cal. 4th 939, 950, 119 Cal.Rptr.2d 296, 45 P.3d 243 (2002) (quoting *Comm. on Children's Television, Inc. v. General Foods Corp.,* 35 Cal.3d 197, 210, 197 Cal. Rptr. 783, 673 P.2d 660 (1983)). <br><br> Where there is a violation of CUCL, a court may make "such orders ... as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person ... any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203. For violations of CFAL, |

the court may make such orders or judgments . . . as may be necessary to prevent the use or employment by any person [or] corporation . . . of any practices which violate this chapter, or which may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of any practice in this chapter declared to be unlawful." Bus. & Prof. Code § 17535. Restitution is designed "to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Ewert v. eBay, Inc.*, 602 F. App'x 357, 359 (9th Cir. 2015).

**COLORADO**

| Statute | Colorado Consumer Protection Act, C.R.S.A. §§ 6–1–105 *et seq*. |
|---|---|
| Elements | In order to prove a private cause of action under the CCPA, a plaintiff must show: "(1) the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered the injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury." *HealthONE of Denver, Inc. v. UnitedHealth Grp. Inc.,* 805 F. Supp. 2d 1115, 1120 (D. Colo. 2011) (*citing Rhino Linings,* 62 P.3d at 146–47). If a plaintiff can prove each of the elements, the remedies available include "injunctive relief, civil penalties including treble damages, and attorney fees." *Id.* (citing Colo. Rev. Stat. §§ 6–1–110, 6–1–113). |

# CONNECTICUT

| Statute | Connecticut Uniform Trade Practices Act, Conn. Gen. Stat. Ann.§ 42-1l0b(a) (West) |
| --- | --- |
| Elements | Under the CUTPA, " [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. Conn. Gen. Stat. Ann.§ 42-110b(a). A plaintiff must show (1) a representation, omission, or other practice likely to mislead consumers; (2) reasonably interpreted by plaintiff under the circumstances; and (3) "the misleading representation, omission, or practice must be material-that is, likely to affect consumer decisions or conduct." *Einbinder v. Petro, Inc.*, ANCV116005353S, 2012 WL 1139032 (Conn. Super. Ct. Mar. 9, 2012) (*quoting Caldor, Inc. v. Heslin,* 215 Conn. 590, 597, 577 A.2d 1009 (1990)). The CUTPA embraces a broader standard of conduct more flexible than traditional common law claims and does not require proof of intent to deceive, to mislead or to defraud. *Associated Investment Co. Ltd. Partnership v. William Associates IV,* 230 Conn. 148,158,645 A.2d 505 (1994). A plaintiff need "not prove reliance or that the representation became part of the basis of the bargain." *Trimani v. Grand Contractors, LLC,* MMXCV126008427S, 2013 WL 5780784 (Conn. Super. Ct. Oct. 1, 2013) (*quoting Associated Investment Co. Ltd. Partnership v. Williams Associates IV,* 230 Conn. 148, 158 (1994). |

A prevailing party is entitled to actual damages, reasonable attorneys' fees and, upon a showing of a reckless indifference to the rights of others or an intentional and wanton violation of those rights, punitive or exemplary damages. Conn. Gen. Stat. Ann.§ 42-1l0g(d); *Ulbrich v. Groth,* No. 18815, 2013 WL 5883685 (Conn. Nov. 12, 2013).

**DISTRICT OF COLUMBIA**

| Statute | District of Columbia Deceptive Trade Practices law, D.C. Code § 28-3904 *et. seq*. |
|---|---|
| Elements | Among other things, a person violates the DCDTP by way of the following conduct: (a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have; or (d) represent that goods or services are of particular standard, quality, grade, style, or model, if in fact they are of another. D.C. Code § 28-3904. A plaintiff need not prove intentional misrepresentation or failure to disclose. *Grayson v. AT & T Corp.,* 15 A.3d 219,251 (D.C. 2011). "[A] claim of an unfair trade practice is properly considered in terms of how the practice would be viewed and understood by a reasonable consumer." *Pearson v. Chung*, 961 A.2d 1067, 1075 (D.C. 2008).<br><br>A prevailing plaintiff may recover: actual damages, treble damages or up to $1,500 per violation, whichever is greater; reasonable attorney's fees; and punitive damages; and any other relief which the court determines proper. *Dist. Cablevision Ltd. P'ship v. Bassin,* 828 A.2d 714, 729 (D.C. 2003) ("[o]nce it is established that a consumer [has] suffered any damage, the CPPA authorizes courts to treble damages without further findings.'") (quoting *Williams v. First Gov't Mortg. and Investors Corp.,* 225 F.3d 738, 745 (2000)). |

## FLORIDA

| | |
|---|---|
| Statute | Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201 *et seq.* |
| Elements | "A consumer claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. Dist. Ct. App. 2008). "[A] deceptive act occurs when 'there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'"; and "the Act focuses on whether an act is deceptive, not whether a defendant knew that the allegedly violative conduct was occurring." *Gavron v. Weather Shield Mfg., Inc.*, 819 F. Supp. 2d 1297, 1302 (S.D. Fla. 2011) (*quoting PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So.2d 773, 777 (Fla. 2003)). A plaintiff need only plead facts suggesting that the representations at issue would have deceived reasonable consumers to sufficiently allege causation. *Toback v. GNC Holdings, Inc.*, 13-80526-CIV, 2013 WL 5206103 (S.D. Fla. Sept. 13, 2013). A plaintiff need not establish reliance. *Rosen v. J.M Auto Inc.*, 270 F.R.D. 675, 688 (S.D. Fla. 2009)<br><br>A prevailing party may recover actual damages, plus attorney's fees and court costs. Fla. Stat. Ann. § 501.2105. |

**GEORGIA**

| Statute | Georgia Fair Business Practice Act, Code Ann. s 106-1201 et seq. |
|---|---|
| Elements | The act prohibits "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." O.C.G.A. § 10–1–393(a). "'Consumer transactions' means the sale, purchase, lease, or rental of goods, services, or property, real or personal, primarily for personal, family, or household purposes." O.C.G.A. § 10–1–392(a)(10). "[T]o prevail on a private cause of action under the FBPA, a private individual must establish three elements: a violation of the Act, causation, and injury.... [T]he measure of damages to be applied for an FBPA violation is that of actual injury suffered." *Small v. Savannah Intl. Motors, Inc.*, 275 Ga. App. 12, 15 (4), 619 S.E.2d 738 (2005) (citation and punctuation omitted). <br><br> A prevailing plaintiff may recover general damages and, where the acts were intentional, exemplary damages of three times actual damages, as well as reasonable attorneys' fees and expenses of litigation. O.C.G.A. 10-1-399. |

**ILLINOIS**

| Statute | Ill. Consumer Fraud Act, 815 ILCS 505/2. |
|---|---|
| Elements | "To succeed in a private cause of action under the Consumer Fraud Act, a plaintiff must prove (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Fox v. Heimann,* 375 Ill. App. 3d 35, 48, 872 N.E.2d 126, 139 (Ill. App. Ct. 2007). Unfair or deceptive acts or practices include the use "of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact" in the conduct of trade or commerce with intent that others rely upon the deceitful conduct or the use or employment of any practice described in Section 2 of the act. 815 ILCS 505/2. Enumerated deceptive trade practices include when, among other things, a person engaged in conduct that: "(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;" "(5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;" (7) "represents |

15

that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another;" or ("12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding." *Id.* A plaintiff need now show actual reliance on the deceptive acts or that the defendant committed the deceptive acts in bad faith . . . ." *Randels v. Best Real Estate, Inc.,* 243 Ill. App. 3d 801, 805, 612 N.E.2d 984, 987 (1993).

A prevailing plaintiff may recover actual damages and reasonable attorneys' fees. 815 ILCS 505/l0a and 10a(c). They may also recover punitive damages where the defendant acts maliciously or with deliberate indifference. *Wendorfv. Landers,* 755 F. Supp. 2d 972, 981-82 (N.D. Ill. 2010); 815 ILCS 505/l0a(a).

**INDIANA**

| Statute | Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-1 *et seq.* |
|---------|---------------------------------------------------------------------------|
| Elements | The IDCSA prohibits the use of "incurable and uncured" deceptive acts in connection with a consumer transaction. Ind. Code § 24-5-0.5-3(a). *See* Ind.Code § 24–5–0.5–2(6),–2(7), --2(8). The Act gives consumers and the attorney general the power to sue suppliers who engage in "deceptive acts." Ind. Code § 24–5–0.5–4. |
| | An uncured deceptive act is "a deceptive act ... with respect to which a consumer who has been damaged by such act has given notice to the supplier under section 5(a)," but the supplier either fails to offer to cure within thirty days or does offer to cure but fails to cure within a reasonable time after the consumer accepts the offer. *See* Ind. Code § 24–5–0.5–2(6). An incurable deceptive act is "a deceptive act done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead." *See* Ind. Code §24–5–0.5–2(7). |
| | A deceptive act occurs when, among other things, a supplier represents either orally or in writing that the subject matter of a consumer transaction (1) "has sponsorship, approval, performance, characteristics, accessories, uses, or benefits it does not have which the supplier knows or should reasonably know it does not have," (2) "is of a |

particular standard, quality, grade, style, or model, if it is not and if the supplier knows or should reasonably know that it is not," or (3) "has a sponsorship, approval, or affiliation in such consumer transaction the supplier does not have, and which the supplier knows or should reasonably know that the supplier does not have."  Ind. Code §24–5–0.5–3.

A prevailing plaintiff is entitled to actual damages or $500, whichever is greater. Ind. Code § 24-5-0.5-4. A trial court may increase the amount for willful deception. *Id.* The trial court may also award attorneys' fees to the prevailing party. *Id.*

**LOUISIANA**

| Statute | Louisiana Unfair Trade Practices Act, La. Rev. Stat. § 51:1405 |
|---|---|
| Elements | The act prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. Rev. Stat. § 51:1405(A). It affords a private right of action to "[a]ny person who suffers any ascertainable loss" as a result of the unlawful conduct. La. Rev. Stat. § 51:1409(A).<br><br>To recover, the plaintiff must "prove some element of fraud, misrepresentation, deception or other unethical conduct." *Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp.*, 292 F.3d 471, 480 (5th Cir. 2002). "What constitutes an unfair trade practice is determined by the courts on a case-by-case basis." *Id.* But a court should find a practice "unfair under the statute only when" the practice "offends established public policy and is immoral, unethical, oppressive or unscrupulous." *Id.* LUTPA defines "trade or commerce" broadly: "the advertising, offering for sale, sale, or distribution of any services ... and any other ... thing of value wherever situated." La. Rev. Stat. § 51:1402(10). LUTPA provides for recovery of damages, attorneys' fees and costs. La. Rev. Stat. § 51:1409. |

**MAINE**

| Statute | Maine Unfair Trade Practices Act, ("Maine UTPA"), Me. Rev. Stat. tit. 5, § 207 |
|---|---|
| Elements | The act prohibits unfair or deceptive acts or practices in the course of any trade or commerce. "An act may be unfair or deceptive even when unknowingly perpetrated. When there is a duty to disclose, unawareness is no shield against UTPA liability." "[F]ailure to honor a statutory mandate . . . may constitute evidence of an unfair or deceptive act." *Inniss v. Methot Buick–Opel, Inc.,* 506 A.2d 212, 216 (Me.1986); *Suminski v. Maine Appliance Warehouse, Inc.,* 602 A.2d 1173, 1174 (Me. 1992). Deceptive advertising is prohibited by Maine UPTA even if consumers of the advertised product normally become aware of the truth before making their purchases or the product ultimately purchased is worth what the consumer pays for it. *See Bartner v. Carter*, 405 A.2d 194, 199–200 (Me. 1979). Violations of FTC regulations also violate the Maine UTPA. *Id.* Maine UTPA allows recovery of "actual damages" to a plaintiff who "suffers any loss of money or property" due to a violation of the statute. Me. Rev. Stat. tit. 5, § 213 |

**MARYLAND**

| Statute | Maryland Consumer Protection Act, Md. Code, Commercial Law § 13-301 *et seq.* |
|---|---|
| Elements | The act prohibits "any unfair, abusive, or deceptive trade practice" in the sale or offer for sale "of consumer goods, consumer realty, or consumer services." § 13-303. A private party bringing a claim under the MCPA must allege '(1) an unfair or deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury.'" *Washington Cnty. Bd. of Educ. v. Mallinckrodt ARD, Inc.*, 431 F. Supp. 3d 698, 710 (D. Md. 2020) (quoting *Stewart v. Bierman*, 859 F.Supp.2d 754, 768 (D. Md. 2012)). "A consumer relies on a misrepresentation when the misrepresentation substantially induces the consumer's choice." *Currie v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 788, 796 (D. Md. 2013). A prevailing plaintiff is entitled to actual damages and may be awarded attorneys' fees. § 13-408. |

**MASSACHUSETTS**

| Statute | Mass. Consumer Protection Act, Mass. Gen. Laws Ann. ch. 93A, § 2 |
|---------|------------------------------------------------------------------|
| Elements | The act prohibits unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce guided by the interpretations given by the Federal Trade Commission and the Federal Courts to section 5(a)(l) of the Federal Trade Commission Act. Mass. Gen. Laws Ann. ch. 93A, § 2. "[A]n advertisement is deceptive when it has the capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they otherwise would have acted (i.e., to entice a reasonable consumer to purchase the product)." *Aspinall v. Philip Morris Companies, Inc.,* 442 Mass. 381, 396, 813 N.E.2d 476,488 (2004). *See also Hager v. Vertrue, Inc.,* CIV.A. 09-11245-GAO, 2011 WL 4501046 (D. Mass. Sept. 28, 2011) ("Communication may be deceptive even when it contains accurate information if it, for instance, consists of a 'half truth' or if it creates 'an overall misleading impression through failure to disclose material information.'"); *Swanson v. Bankers Life Co.,* 389 Mass. 345,349,450 N.E.2d 577, 580 (1983) (no requirement of intentional deceit; an act might be deceptive even absent any showing of negligence); *Fraser Engineering Co., Inc. v. Desmond,* 26 Mass.App.Ct. 99, 104,524 N.E.2d 110 (1988) ("[P]roof of actual reliance . . . is not required so long |

as the[re is a] causal relationship between the misrepresentation and the injury . . . .”). In cases of deceit by nondisclosure, "[m]ateriality ... is in a sense a proxy for causation." Gilleran, The Law of Chapter 93A § 4.16, at 185-186 (2d ed.2007) (citing *Lowell Gas Co. v. Attornev Gen.,* 377 Mass. at 51,385 N.E.2d 240).

A prevailing plaintiff is entitled to an award of actual damages or $25, whichever is greater, up to three but not less than two times such amount if the court finds the violation was willful or with knowledge or the defendant failed to offer relief upon demand in bad faith. Mass. Gen. Laws Ann. ch. 93A, § 9.

## MINNESOTA

| | |
|---|---|
| **Statute** | Minnesota Consumer Protection Act, ; Minnesota Deceptive Trade Practices Act, Minn. Stat. Ann. § 325D.43 *et seq.* |
| **Elements** | Under Minnesota Deceptive Trade Practices Act, the following conduct is deceptive and unlawful: (1) passes off goods or services as those of another; (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another; (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have; (7) represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; (9) advertises goods or services with intent not to sell them as advertised; and (13) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding. Minn. Stat. Ann. § 325D.44. <br><br> A prevailing party may recover actual damages and costs. *See* Minn. Stat. Ann. § 325D.45. The court may |

|  | award attorneys' fees to the prevailing party if "the party charged with a deceptive trade practice has willfully engaged in the trade practice knowing it to be deceptive." "The relief provided by the is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this state." Minn. Stat. Ann. § 325D.45. |
| --- | --- |

**MISSISSIPPI**

| Statute | Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1 *et seq.* |
|---------|--------------------------------------------------------------------------|
| Elements | The statute prohibits the following acts and unfair and/or deceptive: (a) Passing off goods or services as those of another; (b) Misrepresentation of the source, sponsorship, approval, or certification of goods or services; (c) Misrepresentation of affiliation, connection, or association with, or certification by another; (e) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have; and (i) Advertising goods or services with intent not to sell them as advertised. Miss. Code Ann. § 75-24-5. "In any private action brought under [the Mississippi CPA], the plaintiff must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General." Miss. Code Ann. § 75-25-15(2).<br><br>A prevailing party is entitled to an order or judgments, including restitution, as may be necessary to restore to any person in interest any monies or property, real or personal, which may have been acquired by means of any practice prohibited by this chapter. Miss. Code Ann. § 75-24-11. |

**MISSOURI**

| Statute | Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.010 *et seq.* |
|---|---|
| Elements | To prevail on MMPA claim plaintiff must prove that he: "(1) purchased [merchandise]; (2) for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by section 407.020. *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 773 (Mo. 2007). A plaintiff need not prove intent to defraud or reliance. *Scanio v. Zale Delaware, Inc.*, 4:12CV37 CDP, 2012 WL 368741 (E.D. Mo. Feb. 3, 2012). |
| | A prevailing party may recover actual damages. Mo. Ann. Stat. § 407.025. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper. Mo. Ann. Stat. § 407.025; *Lewellen v. Franklin*, 441 S.W.3d 136, 146 (Mo. 2014) (citations omitted). In determining if a punitive damages award comports with due process, courts consider three guideposts: (1) the reprehensibility of the defendant's misconduct; (2) the disparity between the harm and the punitive damages award; and (3) the difference between the punitive damages award and penalties authorized or imposed in comparable cases. *Id.* |

**MONTANA**

| Statute | Montana Consumer Protection Act, MCA 30-14-101 *et seq*. |
|---|---|
| Elements | The act prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]"MCA 30-14-101 *et seq*. A private cause of action for damages under the statute requires proof: (1) that the defendant "use[d] or employ[ed]" an "unfair or deceptive act[ ] or practice[ ] in the conduct of any trade or commerce;" (2) in regard to which the claimant was a "consumer;" and (3) "which caused the claimant to suffer direct or indirect financial detriment or detrimental financial impact." *Kostelecky v. Peas in a Pod LLC,* 2022 MT 195, ¶ 45, 410 Mont. 239, 272, 518 P.3d 840, 861 (2022). An unfair trade practice is one that is inconsistent with existing public policy and "which is either immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Young v. Era Advantage Realty*, 2022 MT 138, ¶ 25, 409 Mont. 234, 245, 513 P.3d 505, 513 (2022) (*quoting Anderson v. ReconTrust Co., N.A.*, 2017 MT 313, ¶ 19, 390 Mont. 12, 407 P.3d 692). "A deceptive act is one 'that is likely to mislead consumers.'" *Id. (citing Rubin v. MasterCard Int'l, LLC,* 342 F. Supp. 2d 217, 220 (S.D.N.Y. 2004)). "False representations as to the characteristics, use, or benefits of what is being sold may constitute a deceptive act." *Id. (quoting WLW Realty Partners, LLC v. Cont'l Partners VIII, LLC,* 2015 MT 312, ¶ 32, 381 Mont. 333, 360 P.3d 1112) (internal |

quotation and citation omitted). The statute does not require an intent to deceive nor knowledge of a statement's falsity. *Id.*

A prevailing plaintiff is entitled to actual damages or $500, whichever is greater. § 30-14-133. A court may award up to three times in actual damages and attorneys' fees of not more than $250 per hour if actual damages do not exceed $100,000. *Id.*

**NEW JERSEY**

| Statute | New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2 *et seq.* |
|---|---|
| Elements | The act prohibits use of "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby . . . ." N.J. Stat. Ann. § 56:8-2. "To prevail on a CFA claim, a plaintiff must establish three elements: 1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Zaman v. Felton,* 219 N.J. 199,222, 98 A.3d 503,516 (2014). The following acts are unlawful under the statute: "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise . . . ." N.J. Stat. Ann. § 56:8-2.<br><br>"One who makes an affirmative misrepresentation is liable even in the absence of knowledge of the falsity |

of the misrepresentation, negligence, or the intent to deceive." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582,605,691 A.2d 350 (1997). A showing of reliance is unnecessary. *Leon v. Rite Aid Corp.,* 340 N.J.Super. 462,468, 774 A.2d 674 (App. Div.2001). Nor must a plaintiff establish intent, knowledge or materiality. *Leon v. Rite Aid Corp.,* 340 N.J. Super. 462,469, 774 A.2d 674,678 (App. Div. 2001).

An ascertainable loss under the NJCFA "occurs when a consumer receives less than what was promised." *Dzielak v. Whirlpool CorA,* 26 F. Supp. 3d 304,335 (D.N.J. 2014) (*citing Union Ink Co., Inc. v. AT & T Corp.,* 352 NJ.Super. 617,646, 801 A.2d 361, 379 (N. J. Super. Ct. App. Div. 2002).

A prevailing plaintiff is entitled to trebled actual damages, reasonable attorneys' fees, filing fees, reasonable costs of suit and any other appropriate legal or equitable relief. N.J. Stat. Ann. § 56:8-19 (West); *Smith v. Alza Corp.,* 400 N.J. Super. 529,551,948 A.2d 686, 700 (N.J. Super. Ct. App. Div. 2008) (an award of treble damages and attorney's fees are mandatory).

**NEW YORK**

| Statute | N.Y. Gen. Bus. Law § 349 |
|---|---|
| Elements | The act prohibits deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful. N.Y. Gen. Bus. Law § 349(a). A plaintiff must prove that (1) the challenged act or practice was consumer-oriented; (2) it was misleading in a material way; and (3) the plaintiff suffered injury as a result of the deceptive act. *Stutman v. Chem. Bank,* 95 N.Y.2d 24, 29, 731 N.E.2d 608, 611-13 (2000). A plaintiff need not prove an intent to defraud or justifiable reliance. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26,647 N.E.2d 741, 745 (1995)**.** An act is deceptive if it is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id.* <br><br> A prevailing plaintiff is entitled to an award of actual damages or fifty dollars, whichever is greater and the court may, in its discretion, treble actual damages up to one thousand dollars, if the defendant acted willfully or knowingly in its violation of the law. The court may also award reasonable attorney's fees. N.Y. Gen. Bus. Law § 349 (h) |

## NORTH CAROLINA

| Statute | North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75–1.1 *et seq*. |
|---|---|
| Elements | The act prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce . . . ." N.C. Gen. Stat. § 75–1.1 *et seq*. A "plaintiff must demonstrate (1) an unfair or deceptive practice or act (2) in or affecting commerce (3) which proximately caused actual injury to the plaintiff. The conduct must be immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. Furthermore, some type of egregious or aggravating circumstances must be alleged and proved before the Act's provisions may take effect." *In re ES2 Sports & Leisure, LLC,* 544 B.R. 833, 847 (Bankr. M.D.N.C. 2015) (internal quotations and citations omitted).<br><br>A prevailing plaintiff is entitled to treble actual damages. N.C. Gen. Stat. § 75–16. The court may also award reasonable attorneys' fees and costs. N.C. Gen. Stat. § 75–16.1. |

## OHIO

| Statute | Ohio Deceptive Trade Practices Act, Ohio Rev. Code Ann. § 4165.01 *et seq.* |
|---|---|
| Elements | The statute is a remedial law and must be liberally construed. *Green Maple Enterprises, LLC v. Forrester*, 2021-Ohio-4640, ¶16, 182 N.E.3d 1265, 1274–75 (Oh. Ct. App. 2021). The statute prohibits two types of practices: "unfair or deceptive" acts and "unconscionable" acts. *Id.* "An act or practice is deceptive, regardless of intent, if carries the likelihood of deceiving a reasonable consumer under the circumstances. *See Frank v. WNB Grp., LLC,* 2019-Ohio-1687, ¶ 26, 135 N.E.3d 1142, 1148 (Oh. Ct. App. 2019). An act or practice is unconscionable if it is deceptive as to the nature of the transaction. *Green Maple Enterprises, LLC ,* 182 N.E.3d at 1274–75. Two of the listed practices that are relevant here are: "(2) That the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not;" and "(5) That the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not, except that the act of a supplier in furnishing similar merchandise of equal or greater value as a good faith substitute does not violate this section." O.R.C. 1345.02(B)(2), (5).<br><br>A prevailing plaintiff is entitled to treble actual economic damages or $200, whichever is greater, plus up to |

|  | $5,000 in non-economic damages. O.R.C. § 1342.09(B). The court may also award reasonable attorneys' fees and costs. *Id.* |
| --- | --- |

**OKLAHOMA**

| Statute | Oklahoma Consumer Protection Act, 15 O.S. § 761.1 (1991) |
|---|---|
| Elements | The four elements of a consumer's private action under the OCPA are: (1) that the defendant engaged in an unlawful practice as defined at 15 O.S. (1991), § 753; (2) that the challenged practice occurred in the course of defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury. *Patterson v. Beall*, 2000 OK 92, ¶ 30, 19 P.3d 839, 846 (2000). Section 753 of the act identifies the following conduct as unlawful: (2) knowingly misleading a consumer as to the "source, sponsorship, approval, or certification of the subject of a consumer transaction;" (3) knowingly misleading a consumer as to the "affiliation, connection, association with, or certification by another;" (5) knowingly misleading a consumer "as to the characteristics, ingredients, uses, benefits, alterations, or quantities of the subject of a consumer transaction or a false representation as to the sponsorship, approval, status, affiliation or connection of a person therewith; (7) knowingly misleading a consumer "that the subject of a consumer transaction is of a particular standard, style or model, if it is of another;" (29) falsely stating or implying "that any person, product or service is recommended or endorsed by a named third person." |

| | A prevailing plaintiff is entitled to actual damages, including attorneys' fees and costs, and a civil penalty not more than $10,000. 15 O.S. § 761.1. |

**OREGON**

| Statute | Oregon Unfair Trade Practices Act, Or. Rev. Stat. § 646.638(1) |
|---------|-----------------------------------------------------------------|
| Elements | Oregon's UTPA permits a private action for persons who have suffered an ascertainable loss of money or property. Or. Rev. Stat. § 646.638(1). To make a prima facie UTPA claim, a plaintiff must allege: (1) a violation of specific conduct enumerated in O.R.S. § 646.608(1); (2) causation; (3) damages; and (4) willfulness. *Colquitt v. Mfrs. and Traders Trust Co.*, Case No. 3:15-cv-00807-BR, 2016 WL 1276095, at *5 (D. Or. Apr. 1, 2016). "The UTPA is a remedial statutory scheme, 'enacted as a comprehensive statute for the protection of consumers from unlawful trade practices.'" *State ex rel. Rosenblum v. Johnson & Johnson*, 275 Or. App. 23, 32 (2015) (quoting *Pearson v. Philip Morris, Inc.*, 358 Or. 88, 115 (2015)).<br><br>The act identifies the following conduct as unlawful: (1)(b) causing the "likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of real estate, goods or services;" (1)(c) causing the "likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;" or (1)(u) "other unfair or deceptive conduct in trade or commerce." O.R.S. 646.608.1. |

|  | A prevailing plaintiff is entitled to actual damages or statutory damages of $200, whichever is greater. Or. Rev. Stat. § 646.638(1). In addition, "[t]he court or the jury may award punitive damages and the court may award attorneys' fees and provide any equitable relief the court considers necessary or proper. *Id.* |
|---|---|

**PENNSYLVANIA**

| Statute | Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-2 *et seq.* |
|---|---|
| Elements | The act prohibits enumerated "unfair or deceptive business practices." *See Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 646 (Pa. 2021). It is a remedial statute, "to be construed liberally to effect its object of preventing unfair or deceptive practices." *Id.*  To establish a claim under the act, a plaintiff must who (1) they purchased or leased "goods or services primarily for a personal, family, or household purpose"; (2) they suffered an "ascertainable loss of money or property"; (3) the loss occurred "as a result of the use or employment by a vendor of a method, act, or practice declared unlawful by" the CPL; and (4) the consumer justifiably relied upon the unfair or deceptive business practice when making the purchasing decision. 73 P.S. § 201-9.2(a).<br><br>The act identifies the following conduct as unlawful: (i) Passing off goods or services as those of another; (ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services; (iii) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another; (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or |

that a person has a sponsorship, approval, status, affiliation or connection that he does not have; (vii) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; or (xxi) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding. 73 P.S. § 201.2(4).

 A prevailing plaintiff is entitled to actual damages or $100, whichever is greater, and, at the court's discretion, "up to three times the actual damages sustained," attorneys' fees, costs and 'any additional relief the court deems proper." 73 P.S. § 201.9.2.

**RHODE ISLAND**

| Statute | Unfair Trade Practice and Consumer Protection Act, R.I. Gen. Laws Ann.§ 6-13.1-2 |
|---|---|
| Elements | To prove a deceptive trade practice, a plaintiff must show: (1) a representation, omission, or practice that (2) is likely to mislead consumers acting reasonably under the circumstances, and (3), the representation, omission, or practice is material." *Long v. Dell, Inc*., 93 A.3d 988, 1003 (R.I. 2014). Unfair methods of competition and unfair or deceptive acts or practices" means any one or more of the following: (ii) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (v) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have; or (vii) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. R.I. Gen. Laws Ann.§ 6-13.1-1 (6).<br><br>A prevailing plaintiff is entitled to recover actual damages or five hundred dollars, whichever is greater. R.I. Gen. Laws Ann.§ 6-13.1-5.2The Court may also award attorneys' fees and costs and may provide |

other equitable relief that it deems necessary or proper. *Id.* Also at the court's discretion and upon a showing of malice or bad faith, a plaintiff may be awarded punitive damages. R.I. Gen. Laws Ann.§ 6-13.1-5.2; *see also Morin v. Aetna Casualty and Surety Co.,* 478 A.2d 964, 967 (R.I. 1984).

## SOUTH CAROLINA

| Statute | South Carolina Unfair Trade Practices Act, S.C.C.A. § 39-5-10 *et seq.* |
|---|---|
| Elements | To recover under the act, a plaintiff must show: (1) defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) plaintiff suffered monetary or property loss as a result. *In re Hughes,* 627 B.R. 327, 337 (Bankr. D.S.C. 2021). An unfair trade practice is an act offensive to public policy or which is immoral, unethical, or oppressive." *Id.* (internal citations and quotations omitted). "A deceptive practice is one which has a tendency to deceive." *Id.* (internal citations and quotations omitted). "Whether an act or practice is unfair or deceptive within the meaning of the SCUTPA depends upon the surrounding facts and the impact of the transaction on the marketplace." *Id.* (internal citations and quotations omitted).<br><br>To be actionable, an unfair or deceptive practice or act must adversely affect the public interest. A plaintiff may establish an impact on the public interest in either of two ways: (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the company's procedures created a potential for repetition of the unfair and deceptive acts. *Id.* |

| | A prevailing plaintiff is entitled to actual damages and a mandatory award of reasonable attorneys' fees and costs. S.C.C.A. § 39-5-140. The court may also award up to three times actual damages for willful or knowing violation of the act. *Id.* |
|---|---|

## SOUTH DAKOTA

| Statute | South Dakota Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37-24-1 *et seq.* |
|---|---|
| Elements | Under the act, it is a deceptive practice to "[k]nowingly act, use, or employ any deceptive act or practice, fraud, false pretense, false promises, or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise." S.D. Codified Laws § 37-24-6(1). A prevailing plaintiff is entitled to actual damages. S.D.C.L.  37-24-31. |

**TENNESSEE**

| Statute | Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.* |
|---|---|
| Elements | "Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice declared to be unlawful by this part, may bring an action individually to recover actual damages." Tenn. Code Ann. § 47-18-109(a)(1). A deceptive act or practice includes a material representation, practice, or omission likely to mislead a reasonable consumer. *See Ganzevoort v. Russell*, 949 S.W.2d 293, 299 (Tenn. 1997). To state a claim under the act, the plaintiff must allege that the defendant engaged in an unfair or deceptive act or practice enumerated in section 47-18-104(b). Tenn. Code. Ann. § 47–18–109(a)(1). Among others things, the following acts are deceptive under the act: (2) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services; (3) Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another; (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have; (7) representing that goods or services are of a particular standard, quality or grade; (14) Causing confusion or misunderstanding with respect to the authority of a |

salesperson, representative or agent to negotiate the final terms of a consumer transaction;  and (21) Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services. Tenn. Code Ann. § 47-18-104(b).

"The prima facie elements of a TCPA claim do not require that the deceptive act be directed toward the plaintiff. Instead,  plaintiffs asserting claims under the TCPA are required to show that the defendant's wrongful conduct proximately caused their injury." *Ganzevoort,*  949 S.W.2d at 751 (internal citations and quotations omitted).

A prevailing plaintiff is entitled to an award of actual damages and, upon a finding of willful or knowing violation of the act, treble actual damages. Tenn. Code Ann.  § 47-18-109(a)(1) and (3). A court may also award reasonable attorneys' fees.  Tenn. Code Ann.  § 47-18-109(d)(2).

**TEXAS**

| Statute | Texas Deceptive Trade Secrets Act, Tex. Bus. & Com. Code § 17.50 *et seq.* |
|---|---|
| Elements | A claim under the DTPA has three elements: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dall., Inc.,* 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code 17.50(a)(1)). Among others things, the following acts are deceptive under the act: (2) causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another; (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not; (7) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; or (24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed. Tex. Bus. & Com. Code § 17.46. |

|  | A prevailing plaintiff is entitled to an award of actual damages and, upon a finding of willful or knowing violation of the act, treble actual damages. Tex. Bus. & Com. Code  § 17.50(b)(1). If the act was committed intentionally, the consumer may also collect damages for mental anguish, trebled. *Id.*  A court may also award reasonable attorneys' fees. *Id.* at § 17.50(d). |

**UTAH**

| Statute | Utah Consumer Sales Practices Act, U.C.A. § 13–11–4(2) |
|---|---|
| Elements | To establish a violation of the UCSPA, a plaintiff must establish the defendant knowingly or intentionally engaged in deceptive acts or practices. *Martinez v. Best Buy Co.,* 2012 UT App 186, ¶ 4, 283 P.3d 521, 523–24 (Utah Ct. App. 2012).  The act identifies the following conduct as deceptive: (a) indication that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not; (b) indication that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not; or (i) indication that the supplier has a sponsorship, approval, or affiliation the supplier does not have. U.C.A. § 13–11–4(2). The act also makes unconscionable acts or practices unlawful. *Id.* at § 13-11-5(1). "The unconscionability of an act or practice is a question of law for the court." *Id.* at § 13-11-5(2). "In determining whether an act or practice is unconscionable, the court shall consider circumstances which the supplier knew or had reason to know." *Id.* at § 13-11-5(3).<br><br>A prevailing plaintiff is entitled to an award of actual damages, reasonable attorneys' fees and costs.  *Id.* at § 13-11-17.5. |

**VIRGINIA**

| Statute | Virginia Consumer Protection Act, Va. Code § 59.1-198 *et seq.* |
|---|---|
| Elements | To state a claim under the VCPA, plaintiff must allege a fraudulent act by a supplier in a consumer transaction. Va. Code § 59.1-200. The act identifies the following conduct as unlawful: 1. Misrepresenting goods or services as those of another; 2. Misrepresenting the source, sponsorship, approval, or certification of goods or services; 3. Misrepresenting the affiliation, connection, or association of the supplier, or of the goods or services, with another; 5. Misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses, or benefits; 6. Misrepresenting that goods or services are of a particular standard, quality, grade, style, or model; or 14. Using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction. *Id.* <br><br> A prevailing plaintiff is entitled to actual damages or $500, whichever is greater. Va. Code Ann. § 59.1-204(A). "If the trier of fact finds that the violation was willful, it may increase damages to an amount not exceeding three times the actual damages sustained, or $1,000, whichever is greater." Va. Code Ann. § 59.1-204(A). A prevailing plaintiff is also entitled to a mandatory award of reasonable attorneys' fees and costs. Va. Code Ann. |

|  | § 59.1-204(B). |
|--|---------------|

**CANADA-NEW BRUNSWICK**

| Statute | Consumer Product Warranty and Liability Act, SNB 1978, c C-18.1, *et seq.* |
|---------|---------------------------------------------------------------------------|
| Elements | Any statement in relation to the product, however made, whether or not the buyer relies on the statement, is an express warranty unless the circumstances show it would be unreasonable for the buyer to rely thereon.  Seller is deemed to have made any statement made by an agent unless seller proves the agent was not acting within scope of actual, usual or apparent authority. CPWLA, c C-18.1, *et seq.*<br><br>There exists an implied warranty in the sale of a consumer product that the product is of such quality that it is fit for the purposes for which products of that kind are normally used.  CPWLA, c C-18.1, *et seq.*<br><br>Privity not required; any person who suffers a consumer loss because of the breach may recover damages against the seller if loss was reasonably foreseeable.<br>Remedies for breach of warranties include that buyer may recover damages for any loss that has been suffered because of the breach of warranty and that was reasonably foreseeable to result from the breach of warranty |

|  | The supplier of a product that is unreasonably dangerous because of a defect in design, materials or workmanship is liable to any person who suffers a consumer loss because of the defect, if the loss was reasonably foreseeable.    CPWLA, c C-27, *et seq.*  Liability under this section does not depend on contract or negligence.<br><br>Rights and remedies are in addition to any other remedies under law in force in the province. |
|---|---|

**CANADA-ONTARIO**

| Statute | Consumer Protection Act , 2002, S.O. 2002, c. 30, Sched. A, s. 14, *et seq.* |
| --- | --- |
| Elements | No person shall engage in an unfair practice.  Consumer Protection Act , 2002, S.O. 2002, c. 30, Sched. A, s. 17(1).  It is an unfair practice to make a false, misleading or deceptive representation, which includes a representation that goods have performance characteristics, ingredients, benefits or qualities that they do not have; that goods are of a particular standard or quality if they are not; a representation using exaggeration or ambiguity as to a material fact or failure to state a material fact if such use or failure deceives or tends to deceive. Consumer Protection Act , 2002, S.O. 2002, c. 30, Sched. A, s. 14,(1) *et seq.*<br><br>Notice required within one year; may give notice in any way as long as it indicates that the consumer intends to seek recovery and the reasons for doing so; court may also disregard notice requirement if in interests of justice to do so.  Consumer Protection Act , 2002, S.O. 2002, c. 30, Sched. A, s. 17(3), *et seq.*<br><br>Court may award exemplary or punitive damages in addition to any other remedy.  Consumer Protection Act , 2002, S.O. 2002, c. 30, Sched. A, s. 17(11). |

**UNITED KINGDOM**

| Statute | Consumer Protection from Unfair Trading Regulations 2008-- Regulation 5; Regulation 6. |
|---|---|
| Elements | [Schedule 1 prohibits these practices considered to be unfair in all circumstances, including falsely claiming that a product has curative qualities. |
| | Regulation 5 prohibits giving false information to or deceiving consumers. A misleading action occurs when a practice misleads through the information it contains or its deceptive presentation (even if the information is factually correct) and causes, or is likely to cause, the average consumer to take a different transactional decision. Misleading information includes the main characteristics of a product such as fitness for a particular purpose. |
| | Regulation 6 prohibits giving insufficient information about a product. It is a breach to omit or hide material information, or to provide material information in a manner that is unclear, unintelligible or ambiguous. |
| | Consumer must (1) enter into a contract to buy a product from a trader (a business to consumer contract) or |

make a payment to a trader for supply of a product, and (2) trader must have engaged in the prohibited practice, such as a misleading action, and (3) the misleading practice was a significant factor in the consumer's decision to enter into the transaction.

Statute provides criminal redress as well as rights enforceable through civil courts.  Remedies include damages in the form of reasonably foreseeable losses that exceed the price paid.  Damages can include alarm, distress, physical discomfort as well as economic losses.