```
                                                              USDC SDNY
                                                              DOCUMENT
                                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                  DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                                 DATE FILED: 2/23/2024
------------------------------------------------------------- X
                                                              :
                                                              :
CRYSTAL ADAMS, et al.,                                        :
                                        Plaintiffs,           :
                          - against -                         :                ORDER
                                                              :
DEVA CONCEPTS, LLC,                                           :
                                        Defendant.            :           1:20-cv-9717-GHW
                                                              :
------------------------------------------------------------- X


------------------------------------------------------------- X
                                                              :
                                                              :
ALEXA BATES, et al.,                                          :
                                        Plaintiffs,           :
                          - against -                         :
                                                              :           1:20-cv-9056-GHW
DEVA CONCEPTS, LLC,                                           :
                                        Defendant.            :
                                                              :
------------------------------------------------------------- X
```

GREGORY H. WOODS, United States District Judge:

The *Adams* and *Bates* Plaintiffs filed their complaints on November 18, 2020 and October 28, 2020, respectively. Dkt. No. 1 (*Adams*); Dkt. No. 1 (*Bates*). Since then, Plaintiffs Marium Hussain, Allyson Rainey, and Tara Sparks (collectively, the "*Adams* Plaintiffs") and Yazmin Ali, Kimberly Couture, Mariana Goes, Annyoceli Santiago, and Shirley Weiss (collectively, the "*Bates* Plaintiffs") have failed to appear at three conferences at which each of them was specifically, personally ordered to appear. *See* Dkt. No. 137 (*Adams*) (requiring the *Adams* Plaintiffs' attendance at the February 9, 2024 conference, scheduled to discuss their attorney's withdrawal due to the *Adams* Plaintiffs' noncommunication with her); Dkt. No. 128 (*Bates*) (same, of the *Bates* Plaintiffs); Dkt. No. 139 (*Adams*) (directing the *Adams* Plaintiffs to appear at the February 20, 2024 and February 23, 2024 conferences, scheduled to discuss the *Adams* Plaintiffs' intentions regarding

continuing to prosecute the case); Dkt. No. 131 (*Bates*) (same, of the *Bates* Plaintiffs). In addition, the *Adams* Plaintiffs and the *Bates* Plaintiffs failed to provide outstanding discovery or communicate with their former attorneys thereabout. *See* Dkt. No. 133-1 ¶ 5 (*Adams*); Dkt. No. 126-1 ¶ 6 (*Bates*).

In the February 2, 2024 order, the Court stated that "[i]f Plaintiffs Yazmin Ali, Kimberly Couture, Mariana Goes, Annyoceli Santiago, Shirley Weiss, Marium Hussain, Allyson Rainey, and Tara Sparks do not attend the conference, that could result in the Court dismissing their claims against the defendants for failure to prosecute." Dkt. No. 137 (*Adams*); Dkt. No. 128 (*Bates*). Further, in its February 10, 2024 order, the Court again stated that the *Adams* Plaintiffs and the *Bates* Plaintiffs were "ordered to personally attend both the February 20, 2024 conference and the February 23, 2024 conference," adding that if they do not, "that *will* result in the Court dismissing their claims against the defendants for failure to prosecute." Dkt. No. 139 (*Adams*); Dkt. No. 131 (*Bates*) (emphasis added).

The Court, the Court's staff, the other plaintiffs' counsel, and the defendants' counsel all appeared at the conferences held on February 9, 2024, February 20, 2024, and February 23, 2024. But the *Adams* Plaintiffs and the *Bates* Plaintiffs did not. This is their third failure to appear for Court-scheduled conferences. Nor has a notice of appearance been filed on the *Adams* Plaintiffs or the *Bates* Plaintiffs' behalf following their former attorneys' respective withdrawals. In sum, these plaintiffs are taking no steps to prosecute their cases.

"Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" *Lawrence v. Curry Shack, Corp.*, No. 17-CV-10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)). Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs

and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). When determining whether to dismiss a complaint pursuant to Rule 41(b), the Court must consider: (1) the duration of the plaintiff's failures; (2) whether the plaintiff has received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Dismissal of these plaintiffs' actions for failure to prosecute is warranted here. The *Adams* Plaintiffs and the *Bates* Plaintiffs have failed to comply with several of the Court's orders. They failed to provide outstanding discovery or communicate with their former attorneys thereabout, *see* Dkt. No. 133-1 ¶ 5 (*Adams*); Dkt. No. 126-1 ¶ 6 (*Bates*); and they failed to appear at three Court-scheduled conferences at which their personal appearance was specifically ordered, *see* Dkt. Nos. 137, 139 (*Adams*); Dkt. Nos. 128, 131 (*Bates*). Their attorneys withdrew from their representation due to the *Adams* Plaintiffs and the *Bates* Plaintiffs' noncommunication with their respective former attorneys, which had been ongoing since at least June 2023. *See* Dkt. No. 133-1 ¶ 3 (*Adams*); Dkt. No. 126-1 ¶ 4 (*Bates*). Their noncommunication with the Court has continued as well.

The *Adams* Plaintiffs and the *Bates* Plaintiffs have given no indication that they intend to prosecute this action. Given their failure to heed the Court's orders, despite ample time to do so and repeated notice that their cases "could" and, later, "will" be dismissed for failure to prosecute, *see* Dkt. Nos. 137, 139 (*Adams*); Dkt. Nos. 128, 131 (*Bates*), "it would be unfair to the numerous other litigants awaiting the Court's attention to permit [the plaintiffs' claims] to remain on the Court's docket," *Antonio v. Beckford*, No. 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006). This is especially true here, where the Court has been informed that this case has settled with respect to all other remaining plaintiffs' claims. In light of these circumstances, the

Court does not believe that any lesser sanction other than dismissal would be effective. However, the Court finds that dismissal without prejudice is an appropriate sanction, which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. Cty. of Suffolk*, No. 08-CV-826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010). Accordingly, the *Adams* Plaintiffs and the *Bates* Plaintiffs' claims against the defendants are dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).

In addition, given the Court's understanding that the remaining parties have reached a resolution in both the *Adams* and *Bates* cases, the motions to dismiss are denied as moot. The Clerk of Court is directed to (1) terminate the *Adams* Plaintiffs (Marium Hussain, Allyson Rainey, and Tara Sparks) and the *Bates* Plaintiffs (Yazmin Ali, Kimberly Couture, Mariana Goes, Annyoceli Santiago, and Shirley Weiss) from the caption of this case; and (2) terminate the motions pending at Dkt. No. 96 (*Adams*) and Dkt. No. 95 (*Bates*).

SO ORDERED.

Dated: February 23, 2024
New York, New York

GREGORY H. WOODS
United States District Judge